UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELAYNE SEIDMAN, | |
| Plaintiff, | Docket No. 1:20-cv-3552 |
| - against - | JURY TRIAL DEMANDED |
| VOX MEDIA, INC. | |
| Defendant. | |

## COMPLAINT

Plaintiff Helayne Seidman ("Seidman" or "Plaintiff") by and through her undersigned

counsel, as and for her Complaint against Defendant Vox Media, Inc. ("Vox Media" or

"Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for copyright infringement under Section 501 of the Copyright

Act and for the removal and/or alteration of copyright management information under Section

1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's

unauthorized reproduction and public display of a copyrighted photograph of luxury apartment

building Gotham West on 45th Street in New York, owned and registered by Seidman, a New

York based professional photographer. Accordingly, Seidman seeks monetary relief under the

Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.     This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court

has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.       Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant resides and/or transacts business in New York.

4.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.       Seidman is a professional photographer in the business of licensing her photographs to online and print media for a fee having a usual place of business at 16 St. Marks Place, Apt 4B, New York, New York 10003.

6.       Upon information and belief, Vox Media is a foreign limited liability company duly organized and existing under the laws of the State of Delaware, with a place of business at 85 Broad Street, New York, New York 10004. Upon information and belief, Vox Media in registered with the New York State Department of Corporations to do business in New York. At all times material hereto, Vox Media has owned and operated a website at the URL: www.NY.Curbed.com (the "Website").

## STATEMENT OF FACTS

**A.       Background and Plaintiff's Ownership of the Photograph**

7.       Seidman photographed luxury apartment building Gotham West on 45th Street in New York (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.       Seidman then licensed the Photograph to New York Post. The New York Post ran an article that featured the Photograph titled *What the luck? Quinn aide approved for coveted apartment*.  See URL: https://nypost.com/2013/11/17/quinn-aide-approved-for-coveted-apartment-in-gotham-west-complex/. Seidman's name was featured in a gutter credit identifying

her as the photographer of the Photograph. A true and correct copy of the article is attached

hereto as Exhibit B.

9.      Seidman is the author of the Photograph and has at all times been the sole owner

of all right, title and interest in and to the Photograph, including the copyright thereto.

10.      The Photograph was registered with United States Copyright Office and was

given Copyright Registration Number VA 2-023-500.

**B.      Defendant's Infringing Activities**

11.      Vox Media ran an article on the Website entitled *Mapping Affordable Rentals*

*Taking Applications Right Now.* See: https://ny.curbed.com/maps/mapping-affordable-rentals-

taking-applications-right-now. The article featured the Photograph. A screenshot of the

Photograph on the Website is attached hereto as Exhibit C.

12.      Vox Media did not license the Photograph from Plaintiff for its article, nor did

Vox Media have Plaintiff's permission or consent to publish the Photograph on its Website.

13.      Seidman first discovered the use of the Photograph on the Website in August

2018.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

14.      Plaintiff incorporates by reference each and every allegation contained in

Paragraphs 1-13 above.

15.      Vox Media infringed Plaintiff's copyright in the Photograph by reproducing and

publicly displaying the Photograph on the Website. Vox Media is not, and has never been,

licensed or otherwise authorized to reproduce, publically display, distribute and/or use the

Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Vox Media have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

19. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-18 above.

20. Upon information and belief, in its article on the Website, Defendant copied the Photograph from New York Post which contained a gutter credit underneath the Photograph stating, "Helayne Seidman" and placed it on its Website without the gutter credit.

21. Upon information and belief, Vox Media intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

22. The conduct of Vox Media violates 17 U.S.C. § 1202(b).

23. Upon information and belief, Vox Media' falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Vox Media intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Vox Media also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

25.     As a result of the wrongful conduct of Vox Media as alleged herein, Plaintiff is entitled to recover from Vox Media the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Vox Media because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

26.     Alternatively, Plaintiff may elect to recover from Vox Media statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant Vox Media be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.     The Defendant Vox Media be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.     That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4.      That, with regard to the Second Claim for Relief, Plaintiff be awarded either:

a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any

kind attributable to Defendant's falsification, removal and/or alteration of

copyright management information; or b) alternatively, statutory damages of at

least $2,500 and up to $ 25,000 for each instance of false copyright management

information and/or removal or alteration of copyright management information

committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.      That Defendant be required to account for all profits, income, receipts, or other

benefits derived by Defendant as a result of its unlawful conduct;

6.      That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to

17 U.S.C. § 1203(b);

7.      That Plaintiff be awarded punitive damages for copyright infringement;

8.      That Plaintiff be awarded attorney's fees and costs;

9.      That Plaintiff be awarded pre-judgment interest; and

10.     Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       May 6, 2020

                                        LIEBOWITZ LAW FIRM, PLLC

                                        By: /s/Richard Liebowitz
                                            Richard P. Liebowitz
                                        11 Sunrise Plaza, Suite 305
                                        Valley Stream, NY 11580
                                        Tel: (516) 233-1660

RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Helayne Seidman*